**VOLVO GM HEAVY TRUCK CORPORATION,**
Plaintiff,

v.

**KEY GMC TRUCK SALES, INC.,**
**Defendant and Third–Party Plaintiff,**

v.

**GENERAL MOTORS CORPORATION GMC TRUCK DIVISION, Third–Party Defendant.**

**Civ. A. No. C–1–88–934.**

United States District Court, S.D. Ohio, W.D.

April 29, 1991.

Terrance Michael Miller, Vorys, Sater, Seymour and Pease, Columbus, Ohio, for plaintiff.

Michael James Boylan, Cohen, Todd, Kite & Stanford, Cincinnati, for defendant and third-party plaintiff.

Robert George Stachler, Taft, Stettinius & Hollister, Cincinnati, Ohio, for third-party defendant.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon the Reports and Recommendations of the United States Magistrate (doc. nos. 45, 46, and 47), the objections thereto, the highlighted findings of fact and conclusions of law, and all related memoranda. A hearing was held on Friday, April 19, 1991.

Upon a review of the entire record, especially in light of the objections raised, the Court finds that all contentions have either been adequately addressed and properly disposed of by the Magistrate or present no particularized arguments that warrant specific responses by this Court except as to modifications stated in court during the hearing. The Court finds that the Magistrate has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the findings made by the Magistrate.

■ Pursuant to the record made during the hearing, the Court hereby ADOPTS the Reports and Recommendations of the United States Magistrate (doc. nos. 45, 46, and 47). Accordingly, the Court hereby

1. GRANTS judgment in favor of plaintiff Volvo GM against defendant/third-party plaintiff Key in the amount of $108,-337.13 plus interest at the legal rate from October 12, 1988 and costs;

2. GRANTS judgment of dismissal in favor of plaintiff Volvo GM against defendant/third-party Key on Key's counterclaims for Breach of the PSA by Volvo GM, Fraud, Discriminatory Pricing, and Federal Antitrust Laws violation, O.R.C. §§ 1331.01 and 4517.01, and 15 U.S.C. § 1221 *et seq.;*

3. DENIES plaintiff Volvo GM's Motion for Summary Judgment on Key's counterclaim (contained in Key's Fifth Counterclaim) for Tortious Interference with a Business Relationship;

4. DENIES defendant/third-party plaintiff Key's Motion for Summary Judgment (doc. no. 29) in its entirety;

5. GRANTS third-party defendant General Motors' judgment of dismissal of defendant/third-party plaintiff Key's claims for Breach of Contract, violation of O.R.C. § 1331.01, and for fraudulently inducing Key to enter into the PSA Agreement; and

6. DENIES third-party defendant General Motors' Motion for Summary Judg-

ment (doc. no. 30) on defendant/third party plaintiff Key's third-party claims under O.R.C. § 4517.01, 15 U.S.C. § 1221 (contained in Key's Second Third–Party Claim), and for fraud in inducing it to promote and sell GM's heavy-duty trucks (contained in Key's Third Third–Party Claim).

The remaining claims, as listed above, shall proceed through discovery as discussed on the record in the hearing. The parties shall report to the Court on the status of this case on July 19, 1991.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE GRANTED IN PART AND DENIED IN PART

JACK SHERMAN, Jr., United States Magistrate Judge.

### REPORT

Now before the Court is plaintiff's motion for summary judgment (doc. 31) opposed by defendant/third-party plaintiff (doc. 38).

### UNDISPUTED FACTS

Plaintiff, Volvo GM Heavy Truck Corporation (Volvo GM), is a manufacturer of heavy-duty trucks. Volvo GM's predecessor in interest, General Motors Corporation (General Motors), manufactured such trucks under the 'GMC' name until late 1987 when Volvo GM was formed.[1] Defendant/third-party plaintiff, Key GMC Truck Sales, Inc. (Key), is a Cincinnati, Ohio truck dealer that formerly sold GMC heavy-duty trucks, but which was denied a Volvo GM heavy-duty truck franchise.[2]

The undisputed facts upon which this motion is based are as follows: In August 1986, General Motors notified Key of its intent to cease heavy-duty truck production by December 31, 1987, and to manufacture and distribute with Volvo thereafter a new line of heavy-duty trucks. Key President John D. Bourke, Sr. depo. at 268–273; Bourke depo. exb. 31. In June 1987, Key was advised by Volvo GM that it had not been selected as a Volvo GM heavy-duty truck dealer. *Id.* at 140; Bourke depo. exb. 14. Accordingly, Key's General Motors heavy-duty truck franchise expired on August 15 of that year. Bourke depo. exb. 41. Because neither Key nor General Motors desired this franchise change to effect Key's impending fleet sale of GMC heavy-duty trucks to the Kroger Company, Key and Volvo GM entered into a limited 'Parts and Service Agreement' (PSA) in order to permit Key to maintain those Kroger trucks after their sale. *See id.;* doc. 1, exb. A at 1, § 1.[3] This limited PSA was terminable by either party upon thirty (30) day's written notice to the other. Doc. 1, exb. A at 3, §§ 30(b), 30(c).

On December 18, 1987 Volvo GM agent Richard Gurley corresponded with Key president Bourke and reiterated that the PSA was limited in scope and applied only to the maintenance of specific General Motors heavy-duty trucks sold by Key to Kroger. Bourke depo. exb. 43. In his letter, Gurley also advised Bourke that Volvo GM viewed the PSA as a "temporary arrangement whereby Kroger will ultimately source their requirements for [Volvo GM heavy-duty truck parts and maintenance] from one of our [other] dealers." *Id.*

Three months later, in March 1988, Volvo GM contacted Kroger directly and advised Kroger that its General Motors heavy-duty truck fleet purchased from Key could be maintained less expensively by a Volvo GM authorized dealer.[4] Key general manager

---

**1.** Volvo GM was incorporated in 1986, discontinued the sale of GMC heavy-duty trucks in late 1987, and became fully operational January 1, 1988. Doc. 31 at 3.

**2.** Key is still a GMC medium-duty truck franchisee, however. Doc. 31 at 2.

**3.** Contractually, General Motors awarded Key a limited PSA for the period August 15, 1987 to December 31, 1987. Bourke depo. exb. 41. After that date, the PSA continued as before, but was authorized by Volvo GM. *Id.*

**4.** Heavy-duty truck maintenance was cheaper through Volvo GM authorized dealers because Volvo GM offered its franchisees discounted prices on truck parts. Jackson depo. exb. 65. Because Key was not such a "full line" dealer, and operated instead pursuant to a limited PSA,

Russell L. Jackson, Jr. depo. exb 65. In July 1988, Volvo GM gave Key the requisite 30–day notice prior to termination of the parties' PSA. Bourke depo. exb. 28. The PSA therefore terminated August 8, 1988. *Id.*

This motion concerns both (1) Volvo GM's claim that Key breached the PSA by failing to pay for $108,337.13 in truck parts Volvo GM sold to Key; and (2) Key's counterclaims that Volvo GM (a) fraudulently induced Key to enter into the PSA, (b) breached that agreement, (c) tortiously interfered with Key's business relationship to Kroger, (d) intentionally engaged in discriminatory pricing, and (e) violated unspecified antitrust laws, Ohio Revised Code (O.R.C.) §§ 1331.01 *et seq.* (Valentine Act) and 4517.01 *et seq.* (Ohio Dealer Act), and 15 U.S.C. § 1221 *et seq.* (Automobile Dealers' Day in Court Act).

### I.

A motion for summary judgment should be granted only if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The Court must read the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson, supra,* 477 U.S. at 248, 106 S.Ct. at 2510.

The Court's function is not to weigh the evidence and determine the truth of the matters asserted, but to determine whether there is a genuine issue for trial. *Id.* at 249, 106 S.Ct. at 2510. The inquiry is whether the evidence presents a sufficient

disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 251–252, 106 S.Ct. at 2511–2512. In conducting this review, the Court is not duty bound to search the entire record in an effort to establish a lack of material facts. *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989). Rather, the burden is on the non-moving, adverse party to establish a genuine issue by designating specific facts. *Anderson, supra,* 477 U.S. at 250, 106 S.Ct. at 2511.

### II.

The Court addresses plaintiff's arguments in turn.

#### Breach of the PSA by Key

As noted, Volvo GM argues Key breached the PSA by failing to pay for $108,337.13 in heavy-duty truck parts Volvo GM sold to Key. Key does not dispute this contention. *See* doc. 38; doc. 3 at 2, ¶ 4. For that reason, and because Key legally accrued the debt at issue, *see* doc. 1, exb A at 3, § 23 and doc. 1, exb. B at 6, summary judgment in favor of Volvo GM on this claim is proper.

#### Breach of the PSA by Volvo GM

■ Key contends it assented to the PSA in order to maintain Kroger's fleet indefinitely, and that Volvo GM's termination of the PSA therefore constitutes a breach of the parties' agreement. As the Court reads the PSA, this interpretation directly conflicts with the clearly written provisions of that contract. *See, e.g.,* doc. 1, exb. A at 3, § 30 (permitting both Key and Volvo GM to cancel the PSA "at any time" upon thirty day's notice). In addition, Key's argument fails as it violates the parol evidence rule. *See General Aviation, Inc. v. Cessna Aircraft Co.,* 915 F.2d 1038, 1041 (6th Cir.1990) ("parol evidence may not be admitted to vary or contradict the terms of a writing ...."). Accordingly, Key's breach of contract claim is without merit and summary judgment is warranted against it.

it was not qualified to obtain similar discounts.  *See id.*

**1038**

*Fraud*

■ Key next contends Volvo GM fraudulently induced it to enter into the PSA at issue, causing it to both waive claims against Volvo GM, and suffer the loss of "other business opportunities." Doc. 20 at 5. In the Court's view, this cause of action fails for several reasons. First, Bourke admitted under oath that no Volvo GM agent ever discussed with him how long the PSA was to last. Bourke depo. at 247. Second, Jackson admitted (also under oath) that General Motors did not encourage Key to enter into the PSA. Jackson depo. at 69. Third, the plain meaning of the PSA language was clear and, as discussed, permitted either party to terminate the agreement upon thirty day's notice. Doc. 1, exb. A at 3, § 30. In light of these factors, no justifiable reliance by Key could have occurred, *Cohen v. Lamko,* 10 Ohio St.3d 167, 169, 462 N.E.2d 407, 409 (1984) (per curiam), and summary judgment is proper against Key's fraud claim.

*Tortious Interference with Business Relationship*

■ Volvo GM is liable to Key under a tortious interference with business relationship theory if it caused a third party not to enter into a contract with Key, *McLaurin v. Fischer,* 768 F.2d 98, 105 (6th Cir.1985), or to discontinue a business relationship with Key, *Heheman v. E.W. Scripps Co.,* 661 F.2d 1115, 1127 (6th Cir.1981), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2272, 73 L.Ed.2d 1286 (1982). Key argues that Volvo GM so acted, by directly contacting Kroger after it knew Kroger was a Key customer, and by then offering Kroger a discount through another of its heavy-duty truck dealers which Key, not a fully authorized dealer, was financially unable to match. Because this claim thus presents "genuine factual issues that properly can be resolved only by a finder of fact," *Anderson, supra,* 477 U.S. at 250, 106 S.Ct. at 2511, summary judgment resolution of this cause of action is unwarranted.

*Discriminatory Pricing and Federal Antitrust Laws Violations*

In view of Key's refusal to either plead these claims with any specificity, *see* doc. 3 at 3 (antitrust) and doc. 20 at 6 (discriminatory pricing), or oppose Volvo GM's motion for summary judgment on these grounds, *see* doc. 38, summary judgment should be entered against Key's discriminatory pricing and federal antitrust causes of action. Fed.R.Civ.P. 8(a)(2); S.D.Ohio R. 4.0.2.

*O.R.C. § 1331.01*

■ Key further claims that Volvo GM violated the Valentine Act, O.R.C. § 1331.01 *et seq.,* Ohio's state antitrust law. Because the Valentine Act does not reach single-firm conduct, *Daily Monument Co. v. Crown Hill Cemetery Ass'n,* 114 Ohio App. 143, 152, 176 N.E.2d 268, 274 (1961), and because Key failed to oppose Volvo–GM's summary judgment motion brought against this claim, *see* S.D.Ohio R. 4.0.2, the motion is well-taken.

*O.R.C. § 4517.01*

■ Key also alleges that Volvo GM violated the Ohio Dealer Act, O.R.C. § 4517.01 *et seq.* In support of its summary judgment motion, Volvo GM contends the Dealer Act is inapplicable to this litigation, as Key was never its "franchisee," as defined. The Court agrees. *See* O.R.C. § 4517.-01(W) (defining "franchisee" as "a person who receives new motor vehicles from the franchisor ..."). In view of the fact that Key received new heavy-duty trucks not from Volvo GM, but from General Motors, Volvo GM's predecessor in interest, summary judgment is merited against this claim.

*15 U.S.C. § 1221*

■ The Dealer Day-in-Court Act (DDICA), 15 U.S.C. § 1221 *et seq.,* permits dealers to sue motor vehicle manufacturers for the manufacturer's failure "to act in good faith in performing or complying with any of the terms or provisions of the franchise, or in terminating ... the franchise with said dealer...." *Id.,* § 1222. "Good faith," as defined in the Act, requires dealers to be free from the manufacturer's "coercion, intimidation, or threats of coercion or intimidation...." *Id.,* § 1221(e).

Key's DDICA claim rests upon Volvo GM's (1) requesting Key to relinquish its franchise; (2) soliciting the Kroger account; and (3) cancelling the PSA. Doc. 38 at 12–13. Because there is no suggestion before the Court that Volvo GM, in performance of these acts, either coerced or intimidated Key, summary judgment against this claim is proper.

## RECOMMENDATION

In light of the above, the Court RECOMMENDS plaintiff Volvo GM's motion for summary judgment (doc. 31) be GRANTED in FAVOR of its claim that defendant/third-party plaintiff Key breached the PSA and owes Volvo GM $108,337.13, and AGAINST Key's counterclaims for: (1) breach of the PSA by Volvo GM; (2) fraud; (3) discriminatory pricing; (4) federal antitrust laws violation; and (5) violation of O.R.C. §§ 1331.01 *et seq.* and 4517.01 *et seq.*, and 15 U.S.C. § 1221 *et seq.* The Court FURTHER RECOMMENDS that the motion be DENIED as to Key's counterclaim that Volvo GM tortiously interfered with Key's business relationship to the Kroger Company.

Date: 1/14/91

REPORT AND RECOMMENDATION THAT DEFENDANT/THIRD–PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED

## REPORT

The Court previously recommended plaintiff Volvo GM Heavy Truck Corporation's (Volvo GM's) motion for summary judgment be granted in part and denied in part. *See* doc. 45. Now before the Court is defendant Key GMC Truck Sales, Inc.'s (Key's) motion for summary judgment (doc. 29) opposed by plaintiff (doc. 32) and third-party defendant General Motors Corporation (General Motors) (doc. 33).

This motion concerns Key's causes of action against both Volvo GM and General Motors. With respect to Volvo GM, Key argues that summary judgment is merited in favor of its claims that the party: (1) violated the Ohio Dealer Act, Ohio Revised Code (O.R.C.) § 4517.01 *et seq.*, by, first, cancelling the Parts and Service Agreement (PSA) at issue and, second, by permitting a competing Volvo GM dealer to offer parts and service to Kroger at a discount unavailable to Key; and (2) breached the PSA, by terminating that contract, and by soliciting Kroger's GMC heavy-duty truck fleet maintenance business. Doc. 29 at 4. Regarding General Motors, Key argues summary judgment should issue in favor of its claim that General Motors's termination of the parties' Heavy Duty Truck Addendum [1] both constituted a breach of that agreement, and violated the Ohio Dealer Act. *Id.* at 3.

## UNDISPUTED FACTS

Because the Court summarized all undisputed facts when ruling on plaintiff's summary judgment motion, *see* doc. 44 at 1–3, a reiteration of that summary is unnecessary here. Accordingly, the summary is incorporated by reference.

## I.

A motion for summary judgment should be granted only if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The Court must read the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the

---

**1.** The Heavy Duty Truck Addendum is a franchise agreement between General Motors and Key, authorizing Key to sell, *inter alia*, heavy-duty trucks General Motors manufactures. Doc. 29, exb. B at 14.

non-movant. *Anderson, supra,* 477 U.S. at 248, 106 S.Ct. at 2510.

The Court's function is not to weigh the evidence and determine the truth of the matters asserted, but to determine whether there is a genuine issue for trial. *Id.* at 249, 106 S.Ct. at 2510. The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 251–252, 106 S.Ct. at 2511–2512. In conducting this review, the Court is not duty bound to search the entire record in an effort to establish a lack of material facts. *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989). Rather, the burden is on the non-moving, adverse party to establish a genuine issue by designating specific facts. *Anderson, supra,* 477 U.S. at 250, 106 S.Ct. at 2511.

## II.

The Court addresses Key's arguments in turn.

### A. KEY'S CLAIMS AGAINST VOLVO GM:

*O.R.C. § 4517.01*

Key contends Volvo GM violated the Ohio Dealer Act, O.R.C. § 4517.01 *et seq.,* by both cancelling the parties' PSA and contacting Kroger. The Court disagrees. That Act applies only to motor vehicle franchisors (*i.e.,* manufacturers) and their franchisees (*i.e.,* dealers). *Cf. State ex rel. Fred Stecker Lincoln–Mercury, Inc. v. Ohio Motor Vehicle Dealers Bd.,* 18 Ohio St.3d 391, 392–393, 481 N.E.2d 635, 637 (1985). Because Key did not sell heavy-duty trucks of Volvo GM's manufacture, Volvo GM and Key were never in a franchisor-franchisee relationship for purposes

of the Act. *See* O.R.C. § 4517.01(W) (defining "franchisee" as a "person who receives new motor vehicles *from the franchisor ...*") (emphasis supplied). Accordingly, summary judgment is unwarranted against these claims.

### Breach of Contract

Key next argues that Volvo GM breached the parties' PSA, by cancelling that agreement during the Kroger fleet's service life. The Court has previously ruled on this issue, and recommended summary judgment be granted against Key's claim. *See* doc. 44 at 5 ("[Key's PSA] interpretation directly conflicts with the clearly written provisions of that contract.") The claim is therefore moot.[2]

### B. KEY'S CLAIMS AGAINST GENERAL MOTORS:

*O.R.C. § 4517.01*

Key also claims that General Motors cancelled the Heavy–Duty Truck Addendum (HDTA) in violation of the Ohio Dealer Act. To prove that claim, General Motors must show, first, that the HDTA is a "franchise" as defined, *see* O.R.C. § 4517.01(V), and, second, that the franchise was terminated without good cause, *see id.* § 4517.54(A). Without addressing the first argument, the Court concludes the second argument, regarding the existence of "good cause," presents factual, not legal, questions for review. *Williams v. City of River Rouge,* 909 F.2d 151, 157 (6th Cir.1990). Because factual issues can only be decided by the trier of fact, *Anderson, supra,* 477 U.S. at 250, 106 S.Ct. at 2511, summary judgment is improper here. *See Kraus v. Sobel Corrugated Containers, Inc.,* 915 F.2d 227, 230 (6th Cir.1990) ("at the summary judgment stage, the trial court should not resolve factual disputes

---

**2.** Key contends that, even if the PSA was terminable by either party upon thirty day's written notice as its plain meaning indicates, the estoppel doctrine bars Volvo GM's literal interpretation of that contract. In the Court's view, this argument is without merit. Under Ohio law, estoppel is unavailable once the party claiming it "knows the facts or is in a position to know them," or where "the circumstances surrounding the transaction are sufficient to put

a person of ordinary prudence on inquiry which would have disclosed the facts." *Pedler v. Aetna Life Ins. Co.,* 23 Ohio St.3d 7, 11, 490 N.E.2d 605, 608 (1986). Having read Volvo GM's correspondence to Key, *see, e.g.,* Bourke depo. exb. 43, and the PSA language itself, doc. 1, exb. A at 3, § 30(c), the Court finds that Key, as a matter of law, knew or should have known the PSA was temporary in nature.

by weighing conflicting evidence because it is the jury's role to assess the probative value of the evidence").

*Breach of Contract*

█ Key next asserts that General Motors's termination of the HDTA in 1987 constitutes a breach of that agreement. Key premises its argument on two HDTA provisions, as follows: (1) the "term" language, which states the HDTA does not expire until "October 31, 1990, or ninety days after the death of a Dealer Operator or Dealer Owner, whichever occurs first," *see* doc. 29, exb. B at 2; and (2) the "termination" language, permitting HDTA termination by Key only, not by General Motors, *see id.*, exb. B at 29, Article 4.

In view of the fact that other HDTA language modifies these provisions, Key's reading of the HDTA is in error. *See, e.g., id.*, exb. B at 19, § 1.4(4) ("General Motors will not be liable for any delay or failure to deliver Products where such delay or failure is caused, in whole or in part, by ... discontinuance of [heavy-duty truck] manufacture or sale by General Motors"); *id.*, exb. B at 19, § 1.5 ("General Motors may discontinue any Product at any time and its only obligation shall be to manufacture and deliver to Dealer [*i.e.*, Key] accepted orders which Dealer does not elect to cancel.")

The Court finds, for purposes of this motion only, that General Motors met the elements of HDTA §§ 1.4 and 1.5. For example, General Motors ceased both the marketing and production of all of its heavy-duty trucks by December 31, 1987. Affidavit of Elmo Sergo, General Motors's Truck and Bus Group Director of Business Development, at 7, ¶ 20 (attached to doc. 30).[3] In addition, General Motors, as noted, delivered Kroger's heavy-duty truck fleet to Key after Key's GMC heavy-duty truck franchise ended. Bourke depo. at 116–117. Summary judgment is therefore inappropriate here.

**3.** While the GMC "Brigadier" heavy-duty truck model was produced after that date, until December 16, 1988, its post–1987 manufacture was performed on a limited basis under contract from Volvo GM. Sergo affidavit at 7, ¶ 20.

RECOMMENDATION

In light of the above, the Court RECOMMENDS defendant/third-party plaintiff Key's motion for summary judgment (doc. 29) be DENIED IN ITS ENTIRETY.

Date: 1/14/91

REPORT AND RECOMMENDATION THAT THIRD–PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED IN PART AND DENIED IN PART

REPORT

The Court previously recommended that plaintiff Volvo GM Heavy Truck Corporation's (Volvo GM's) motion for summary judgment be granted in part and denied in part, *see* doc. 45, but that defendant/third-party plaintiff Key GMC Truck Sales Inc.'s (Key's) motion for summary judgment be denied, *see* doc. 46. Now before the Court is third-party defendant General Motors Corporation's (GM's or General Motors's) motion for summary judgment (doc. 30) opposed by Key (doc. 35).[1]

In its motion, General Motors argues that summary judgment should issue against Key's claims that GM: (1) breached the parties' Heavy Duty Truck Addendum (HDTA), the contract authorizing Key to sell GMC heavy-duty trucks; (2) violated the Valentine Act, Ohio Revised Code (O.R.C.) § 1331.01 *et seq.;* the Ohio Dealer Act, O.R.C. § 4517.01 *et seq.;* and the federal Dealer Day in Court Act, 15 U.S.C. § 1221 *et seq.;* and (3) fraudulently induced Key into (a) promoting, and selling, General Motors heavy-duty trucks; and (b) entering into the parties' Parts and Service Agreement (PSA). Doc. 30 at 14–41.

UNDISPUTED FACTS

Because the Court summarized all undisputed facts when ruling on plaintiff's sum-

**1.** In addition to these pleadings and General Motors's reply (doc. 39), the Court has reviewed GM's notice of supplemental authority in support of its motion (doc. 41), Key's motion to strike that document (doc. 42), and GM's memorandum in opposition (doc. 43).

mary judgment motion, *see* doc. 44 at 1–3, a reiteration of that summary is unnecessary here. Accordingly, the summary is incorporated by reference.

## I.

A motion for summary judgment should be granted only if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The Court must read the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson, supra*, 477 U.S. at 248, 106 S.Ct. at 2510.

The Court's function is not to weigh the evidence and determine the truth of the matters asserted, but to determine whether there is a genuine issue for trial. *Id.* at 249, 106 S.Ct. at 2510. The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 251–252, 106 S.Ct. at 2511–2512. In conducting this review, the Court is not duty bound to search the entire record in an effort to establish a lack of material facts. *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir.1989). Rather, the burden is on the non-moving, adverse party to establish a genuine issue by designating specific facts. *Anderson, supra*, 477 U.S. at 250, 106 S.Ct. at 2511.

## II.

The Court addresses General Motors's arguments in turn.

*Breach of Contract*

■ General Motors first asserts summary judgment is proper against Key's claim that GM's termination of the HDTA constitutes a breach of that agreement. The Court previously recommended Key's summary judgment motion, brought in support of that claim, be denied. Doc. 45 at 5–7. In the Court's view, the arguments there discussed demonstrate that the HDTA language (1) made GM immune from liability for delaying, or failing to deliver, heavy-duty trucks whose manufacture or sale was discontinued; and (2) permitted GM to discontinue heavy-duty truck manufacture "at any time," provided it honored those heavy-duty truck orders Key elected not to cancel. *Id.* (citing doc. 29, exb. B at 19, §§ 1.4(4) and 1.5). Because General Motors not only ceased the marketing and production of all of its heavy-duty trucks by December 31, 1987,[2] but honored Key's heavy-duty truck purchase order for the Kroger Company, *see id.*, no breach of the HDTA occurred. Accordingly, summary judgment against Key is proper here.

*O.R.C. § 1331.01*

Key next claims General Motors violated the Valentine Act, O.R.C. § 1331.01 *et seq.*, Ohio's state antitrust law. Because the Valentine Act does not reach single-firm conduct, *Daily Monument Co. v. Crown Hill Cemetery Ass'n*, 114 Ohio App. 143, 152, 176 N.E.2d 268, 274 (1961), and because Key failed to oppose GM's summary judgment motion brought against this claim, *see* S.D.Ohio R. 4.0.2, the motion is well-taken.

*O.R.C. § 4517.01*

■ General Motors raises two arguments in support of its contention that summary judgment should issue against Key's Ohio Dealer Act claim. *See* O.R.C.

---

**2.** Although the GMC "Brigadier" heavy-duty truck model was produced after that date, until December 16, 1988, its post–1987 manufacture was performed on a limited basis under con-

tract from Volvo GM. Affidavit of Elmo Sergo, General Motors's Truck and Bus Group Director of Business Development, at 7, ¶ 20 (attached to doc. 30).

§ 4517.01 *et seq.* GM argues, first, that its discontinuation of heavy-duty truck models did not end Key's franchise in violation of O.R.C. § 4517.01(V), as Key retained the legal right to sell GMC medium-duty trucks. Second, GM contends that, in the alternative, if it did terminate Key's heavy-duty truck franchise, it did so with the "good cause" required by O.R.C. § 4517.54.

In the Court's view, both of these arguments lack merit, as they depend for resolution upon genuinely disputed material issues resolvable only by the finder of fact. *See, e.g., Arthur Glick Truck Sales, Inc. v. General Motors Corp.*, 865 F.2d 494, 497 (2d Cir.1989) (finding it improper to determine on summary judgment whether GM's heavy-duty truck model discontinuation constitutes franchise termination).

*15 U.S.C. § 1221*

▮ The Dealer Day-in-Court Act (DDI-CA), 15 U.S.C. § 1221 *et seq.*, permits dealers to sue motor vehicle manufacturers for the manufacturer's failure "to act in good faith in performing or complying with any of the terms or provisions of the franchise, or in terminating ... the franchise with said dealer...." *Id.*, § 1222. "Good faith," as defined in the Act, requires dealers to be free from the manufacturer's "coercion, intimidation, or threats of coercion or intimidation...." *Id.*, § 1221(e). In view of Key's claim that GM acted coercively in cancelling the HDTA, *see* doc. 35 at 26–27, a genuine dispute also exists regarding this material fact, and GM's summary judgment argument fails.

*Fraud*

Key next claims GM fraudulently induced it, first, into promoting and selling GMC heavy-duty trucks after GM decided to stop manufacturing those vehicles; and, second, into entering the parties' PSA.

▮ With respect to the former claim, GM relies on, *inter alia, O'Neal v. Burger Chef Systems, Inc.*, 860 F.2d 1341, 1349 (6th Cir.1988) for the proposition that a fraud claim can arise only from one or more representations concerning existing facts. In GM's view, remarks by its agents thus did not constitute fraud, as they were mere opinions addressing contingent, future events. Doc. 30 at 34. While the Court agrees with GM's reading of *O'Neal*, it disagrees that summary judgment is therefore warranted. *See, e.g.,* doc. 35 at 29 (Key arguing that GM's factual representations caused it to continually rely to its detriment).

▮ The Court reaches a different conclusion, however, as to Key's latter fraud claim. Because Key President Bourke admits that no Key agent ever discussed the PSA with GM, *see* Bourke depo. at 194–195, summary judgment is merited against Key's claim that GM fraudulently induced Key to enter into that agreement.

### RECOMMENDATION

In light of the above, the Court RECOMMENDS General Motors's motion for summary judgment (doc. 30) be GRANTED against Key's claims for breach of contract, violation of O.R.C. § 1331.01, and fraud regarding the parties' PSA; but be DENIED against Key's causes of action under O.R.C. § 4517.01 and 15 U.S.C. § 1221, and for fraud regarding the promoting and selling of GM's heavy-duty trucks.

Date: 1/14/91.