**Patricia M. KRAUS, Plaintiff–Appellant,**

**v.**

**SOBEL CORRUGATED CONTAINERS, INC., and Terry Sobel, Defendants–Appellees.**

No. 89–3652.

United States Court of Appeals, Sixth Circuit.

Argued April 13, 1990.

Decided Sept. 28, 1990.

Robert V. Traci and Ellen Simon Sacks (argued), Spangenberg, Shibley, Traci & Lancione, Cleveland, Ohio, for plaintiff-appellant.

Stephen A. Markus (argued), Ulmer & Berne; and Gary W. Dubin, Cleveland, Ohio, for defendants-appellees.

Before KENNEDY, Circuit Judge, and CELEBREZZE and BROWN, Senior Circuit Judges.

BAILEY BROWN, Senior Circuit Judge.

Plaintiff-appellant Patricia Kraus ("Kraus") appeals the district court's grant of summary judgment in favor of defendants Sobel Corrugated Containers, Inc. ("the Company") and its vice-president, Terry Sobel, in this wrongful discharge action brought pursuant to the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, the analogous state statute, Ohio Rev.Code Ann. § 4101.17, and a claim of breach of employment contract. For the reasons that follow, we reverse the decision of the district court.

I.

Kraus had been an employee of the Company for almost seventeen years when Terry Sobel fired her. A long-time bookkeeping department employee, she was terminated in January 1987, at the age of 57. It is undisputed that at the time of the firing there were no documents in Kraus' file that demonstrated either that her work was unsatisfactory or that her employer had given her prior notice that she was in danger of losing her job.

At the time of the termination, Kraus worked in bookkeeping with Amanda Adomaites, age 36; Phyllis Bloom, age 56; and Terry Sobel. Terry Sobel was the department manager and the son of Arthur Sobel, president of the Company. After the termination, Adomaites and Bloom performed Kraus' former duties and Lynn Shreifer, age 26, was added to the department to take over some of Adomaites' and Bloom's former duties. Shreifer was later replaced by Cheryl Truso, age 38.

Kraus claims that she was never given any oral or written advance warning that she was in danger of being terminated. She also claims that she was never given a specific reason for the firing. Instead, according to her, Arthur Sobel told her, after Terry Sobel had fired her, that she had made Terry nervous.

Conversely, the defendants claim that during the last 90–120 days of Kraus' tenure with the Company, Terry Sobel warned her that her inability to get along with other employees, her passing off work to Phyllis Bloom, and her insubordination were going to cause him to "make a change." The defendants claim that Kraus did not correct these deficiencies, and, therefore, Terry Sobel fired her.

The defendants offered deposition evidence in support of their motion for sum-

mary judgment. Terry Sobel testified in his deposition that he had warned Kraus about the aforementioned deficiencies the last 90–120 days that she worked at the Company. Arthur Sobel's deposition indicated that Kraus had been insubordinate to him. In Amanda Adomaites' deposition she testified that Kraus was insubordinate to Terry Sobel and that Kraus did not do her fair share of the work. Moreover, Phyllis Bloom testified in her deposition that Kraus "put work off on" Bloom and that Kraus was insubordinate to Terry and Arthur Sobel. Further, Frank Pearson, another employee of the Company, testified that Kraus had been so rude to a customer on one occasion that the customer had threatened to take his business elsewhere.

Kraus responded to the defendants' motion with affidavits and a deposition. She offered the affidavit of one former co-employee, who stated that Kraus had had no difficulty getting along with others at the Company. She also offered the deposition of a former co-employee who testified that, to her knowledge, Kraus had no performance problems at work and got along with people. Kraus offered her husband's affidavit, which stated that less than one month before Terry Sobel fired her, Terry had made statements at Kraus' home at a holiday dinner that praised her work and called it perfect, indicated that she was an excellent employee, referred to her as a team player and a key employee, and requested at least five years' notice from Kraus if she ever planned to leave the Company. Kraus also offered her affidavit, in which she stated that she was given no prior notice or warning of the impending discharge.

The district court determined that Kraus had made out a prima facie case of age discrimination, which is not contested on appeal, and that the defendants had articulated a business reason for discharging Kraus, which likewise is not contested on appeal. However, the court further determined that Kraus had failed to rebut the defendants' proffered reason for the firing. In making its determination, the court found that Kraus' husband's affidavit statements regarding Terry Sobel's having praised Kraus were "immaterial" and that their value should be "discounted" because the alleged statements had been made in a social setting in the Kraus home. The court made no reference to Kraus' affidavit in its analysis. It also discounted Kraus' offered affidavit and deposition of the former co-employees.

The district court granted the defendants' motion for summary judgment an all of Kraus' claims. In addition to denying the ADEA claim, it denied the claim pursuant to Ohio Rev.Code Ann. § 4101.17 on the basis that claims under that statute are analyzed under the same standards as an ADEA claim. Moreover, because the court had determined that the defendants had shown sufficient cause to terminate Kraus, which was not rebutted, it held that her claim that she was fired without just cause, in breach of contract, also failed. Kraus then appealed to this court.

## II.

We review a grant of summary judgment *de novo*. *Storer Communications, Inc. v. National Ass'n of Broadcast Employees & Technicians*, 854 F.2d 144, 146 (6th Cir.1988). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). Moreover, the court is to construe the evidence and all inferences to be drawn from it in the light most favorable to the nonmoving party. *Blakeman v. Mead Containers*, 779 F.2d 1146, 1150 (6th Cir.1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)).

A plaintiff who brings a claim under the ADEA must prove that age was a

determining factor in the adverse action that the employer took against him or her. *Brownlow v. Edgecomb Metals Co.,* 867 F.2d 960, 963 (6th Cir.1989); *Blackwell v. Sun Elec. Corp.,* 696 F.2d 1176, 1181 (6th Cir.1983). This is a question of fact. *Brownlow,* 867 F.2d at 963.

The analytical framework as announced in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), assists a court in determining the merits of the discrimination claim. First, the plaintiff has the burden of proving a prima facie case of discrimination. On appeal, however, the defendants do not contest the district court's determination that Kraus made a prima facie case of age discrimination.

■ A defendant can rebut the presumption by articulating a legitimate, nondiscriminatory reason for the adverse action. *Wilkins v. Eaton Corp.,* 790 F.2d 515, 521 (6th Cir.1986). The plaintiff always carries the burden of persuasion in a discrimination case, however, and once the defendant articulates a legitimate business reason, the presumption drops from the case. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). The plaintiff then, to prevail, must prove that the defendant's proffered reason is a pretext for discrimination. *See id.* The Supreme Court determined in *Burdine* the evidence that should be considered when deciding whether the plaintiff has carried this burden:

> In saying that the presumption drops from the case, we do not imply that the trier of fact no longer may consider evidence previously introduced by the plaintiff to establish a prima facie case. A satisfactory explanation by the defendant destroys the legally mandatory inference of discrimination arising from the plaintiff's initial evidence. Nonetheless, this evidence and inferences properly drawn therefrom may be considered by the trier of fact on the issue of whether the defendant's explanation is pretextual. Indeed, there may be some cases where the plaintiff's initial evidence, combined with effective cross-examination of the defendant, will suffice to discredit the defendant's explanation.

*Id.* at 255 n. 10, 101 S.Ct. at 1095 n. 10.

The district court disposed of the instant case at the summary judgment stage. On appeal, Kraus contends that she produced sufficient evidence to create a genuine factual issue as to whether the defendants' stated reason was a pretext for a discriminatory discharge. The defendants, on the other hand, respond that, as the district court decided, Kraus failed, as a matter of law, to rebut their articulated reason. We consider the proffered evidence in the light most favorable to Kraus to determine this issue.

The defendants offered sworn evidence that Kraus was insubordinate and did not do her share of the work, and that Terry Sobel had warned her he would have to make a change. Kraus, on the other hand, offered sworn evidence to show pretext.

■ We agree with the district court that the evidence offered by Kraus' two former co-employees is irrelevant to this case, because the affidavit fails to reference the time period at issue, and the deposition testimony was provided by someone who did not claim ever to have observed Kraus' performance in the bookkeeping department. The question in this case is whether the district court, in granting summary judgment for the defendants, correctly determined that the value of the statements in the affidavit of Kraus' husband should be, as the court stated, completely discounted because the quoted comments of Terry Sobel were made in a social setting, and correctly gave no effect to Kraus' affidavit, in which she denied ever having been warned or criticized about her work. We determine that the district court improperly discounted both affidavits.

When a case is at the summary judgment stage, the trial court should not resolve factual disputes by weighing conflicting evidence because it is the jury's role to assess the probative value of the evidence. *Stone v. William Beaumont Hosp.,* 782 F.2d 609, 615 n. 5 (6th Cir.1986); *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir.

1980). Kraus' husband's affidavit allegations as to Terry Sobel's statements clearly would be admissible at trial as admissions by a party-opponent. *See* Fed.R.Evid. 801(d)(2)(D) (admission by party-opponent includes statement by party's agent concerning a matter within the scope of the agency). The fact that the alleged statements were made in a social setting would go to their weight, not to their admissibility. Moreover, Kraus' affidavit statements, not addressed in the district court's analysis, were entitled to some weight.

We believe that the affidavits of Kraus and her husband are sufficient to create a genuine issue of material fact as to whether the defendants' stated reason for the firing was a pretext. We cannot say, on the record of admissible evidence that is before us, that a rational trier of fact could not find for Kraus.

Moreover, we do not agree with the defendants' position that Kraus cannot prevail because she has presented no direct evidence to show that age was a determining factor in the firing. A plaintiff may meet her burden of rebutting the defendant's articulated reason by the use of indirect evidence, i.e., "by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095. In the instant case, we believe that Kraus has at least created a factual issue on this question.[1]

Accordingly, because we determine that there is a genuine issue of material fact as to whether the defendants' stated reason for firing Kraus was a pretext for a discriminatory firing, we hold that the grant of summary judgment in favor of the defendants on the ADEA claim was error.

### III.

The district court also granted summary judgment on the claim that Kraus had brought pursuant to Ohio Rev.Code Ann. § 4101.17.[2] It correctly determined that Ohio courts have adopted the same analysis for claims under this statute as is applied to federal claims brought pursuant to the ADEA. *See Barker v. Scovill, Inc.*, 6 Ohio St.3d 146, 451 N.E.2d 807 (1983). Therefore, because we have determined that summary judgment was inappropriate on the ADEA claim, we hold that summary judgment was inappropriate on this claim as well.

### IV.

The district court also had before it a claim of breach of an employment contract. Kraus' position was that she had an oral contract with the Company that guaranteed that she would not be fired except for good cause. The defendants' position was that the employment was at will. The district court determined that because the defendants had demonstrated sufficient cause to terminate Kraus, even if she could be fired only for good cause, her contract claim should also fail. However, our holding that there is a genuine issue of material fact as to the reason for the discharge leads us to conclude that the district court's determination on the employment contract issue was error.

For all of the foregoing reasons, we RE-VERSE the decision of the district court and REMAND the case to that court for further proceedings not inconsistent with this opinion.

---

**1.** This case is easily distinguished from *Gagne v. Northwestern Mutual Ins. Co.*, 881 F.2d 309 (6th Cir.1989), in which our court affirmed a grant of summary judgment for the employer. There not only did the personnel record of the employee abundantly support the contention that she was discharged for reasons other than her age, but, more importantly for present purposes, the only evidence that the employee submitted that the proffered explanation for her discharge was unworthy of belief was her deposition testimony that her immediate supervisor had stated that he needed "new blood." The employee also testified that the isolated remark was made at a meeting of employees, was made facetiously and not directed at any individual.

**2.** This statute, entitled "Discrimination because of age by employers," protects employees and job applicants between the ages of forty and seventy from age discrimination. Ohio Rev. Code Ann. § 4101.17 (Anderson 1980).