Larry WOODEN, Plaintiff–Appellant,

v.

**BOARD OF EDUCATION OF JEFFERSON COUNTY, KENTUCKY,
Defendant–Appellee.**

No. 90–5891.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 8, 1991.

Decided April 17, 1991.

Rehearing Denied June 10, 1991.

Susan J. Hauck, Scott D. Spiegel, Mary J. Lintner, David J. Roper, Lynch, Cox, Gilman & Mahan, Louisville, Ky., for plaintiff-appellant.

Kimberly K. Greene, Denise S. Kaiser, Wyatt, Tarrant & Combs, Louisville, Ky., for defendant-appellee.

Before MERRITT, Chief Judge, RYAN and SUHRHEINRICH, Circuit Judges.

RYAN, Circuit Judge.

Plaintiff, Larry Wooden appeals the summary judgment for defendant, Board of Education of Jefferson County, Kentucky, in this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Wooden argues that there is sufficient evidence to support his claim for age discrimination and that the Board's salary policy which gives credit for prior teaching experience has a disparate impact on those over forty. For the following reasons we shall affirm the district court's grant of summary judgment in favor of the Board.

### I.

Between 1982 and 1987, Wooden, who was fifty-four-years-old at the time this suit was filed, aggressively pursued a full-time teaching position with the Board in either English or Library Science. Wooden had previously taught English and physical education, and served as an audiovisual librarian in the Boyle, Bullitt, and Jefferson County school systems between 1959–1972. He was out of teaching and pursued private business interests from 1972–1982. In 1983, Wooden had an "initial interview:" a step which generally precedes any hiring selection, with James Decker, a personnel specialist employed by the Board. Between 1982–1987, Wooden worked as a substitute teacher for the Board, and was interviewed five times by principals who were seeking to fill English and Library Science teaching positions. However, Wooden was not recommended by any of the principals, and the jobs were offered to others. In 1987, the Board hired Wooden as a "permanent, part-time employee." All of the positions at the high school where Wooden teaches are designated as permanent, but part-time positions.

Wooden filed this suit in August 1988, alleging that the Board discriminated against him because of his age, in violation of the ADEA, by hiring those younger and less experienced. Additionally, Wooden claimed that the Board's salary policy which limits the credit a teacher receives for experience that is more than ten years old violates the ADEA because it adversely impacts those over forty years old.

The Board moved for summary judgment and the district court granted the Board's motion, finding that Wooden presented insufficient evidence from which a reasonable jury could infer that age was a determining factor in the Board's decision not to hire him for a permanent, full-time teaching position. The district court also held that Wooden presented insufficient evi-

dence to support his claim that the Board's salary policy which grants credit for prior teaching experience had a disparate impact on teachers over forty.

## II.

Wooden claims that the Board violated the ADEA by hiring younger teachers and those with less experience. It is well settled that in an age discrimination case under the ADEA, the ultimate issue is whether age was a determining factor in the employment decision which adversely affected the claimant. *Blackwell v. Sun Elec. Corp.*, 696 F.2d 1176, 1179 (6th Cir. 1983). A plaintiff establishes a *prima facie* case of intentional age discrimination when he shows: (1) that he was in the protected age group, between forty and seventy years old; (2) that he "applied and was qualified for a job for which the employer was seeking applicants; (3) that, despite his qualifications, he was rejected; and (4) that after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *see also Chappell v. GTE Prods. Corp.*, 803 F.2d 261, 265–66 (6th Cir.1986), *cert. denied*, 480 U.S. 919, 107 S.Ct. 1375, 94 L.Ed.2d 690 (1987).

■ Wooden produced evidence that he is a member of the protected class; that he applied and was qualified for the teaching positions; that he was rejected; and that the Board hired other applicants with similar qualifications. Therefore, Wooden has established a *prima facie* case of age discrimination. Because Wooden has established a *prima facie* case, the burden of production of evidence shifts to the Board to articulate some legitimate nondiscriminatory reason for its decision not to hire him for a full-time teaching position. *See Chappell*, 803 F.2d at 265. Once the Board articulates a legitimate nondiscriminatory reason for not hiring Wooden, the burden shifts back to Wooden to show that the Board's reasons were pretextual. Although the burden of production shifts, the burden of persuasion remains at all times with Wooden. *Id.*

The Board's reason for not hiring Wooden is that it hired better qualified candidates. Board witnesses stated that for each of the positions for which Wooden interviewed, there were over 2000 job applicants. The Board explained that because there was such a large pool to choose from, it hired better qualified teachers and those who made a more favorable impression during the interview. Moreover, the Board demonstrated that thirty-six out of eighty-six, or forty-one percent, of the jobs about which Wooden complains were filled with teachers over the age of forty.

The evidence in the record supports the Board's asserted reason for not hiring Wooden. According to the affidavits of the five individuals who were serving as principals in the schools where Wooden said he had interviews, only one principal, Dr. Birkhead, can specifically remember interviewing Wooden. She said that the applicant she recommended for the available position as supervisor of library sciences, a forty-eight year old woman, was the most qualified applicant. In making her decision to hire someone else, Dr. Birkhead stated that she relied upon her personal knowledge of Wooden's abilities as a substitute teacher, his qualifications and references as reflected in his personal file, and the interview she had with him. Even though the remaining principals do not remember interviewing Wooden, all of them said that they relied on qualifications, not age, in making their selection of teachers.

Wooden's personnel file provides another indication that although Wooden was qualified to interview for permanent, full-time teaching positions, other applicants had superior qualifications. His file shows that although Wooden's recent evaluations as a substitute teacher are good to excellent, evaluations completed by principals for whom Wooden worked when he was last employed as a permanent, full-time teacher are only average. Similarly, Decker's evaluation of Wooden, recorded after his screening interview with Wooden, is aver-

age. Also Wooden's academic record reflects only average grades.

We find the above evidence sufficient to support the Board's contention that Wooden was not hired because the Board hired better qualified persons than Wooden. Thus, the burden shifts back to Wooden to prove that the Board's proffered reason for not hiring him is pretextual.

Wooden argues that the evidence supporting the Board's reason, that he was less qualified than the applicants hired, is so weak that there is a genuine issue as to the Board's motive, citing *Kraus v. Sobel Corrugated Containers, Inc.*, 915 F.2d 227, 230–31 (6th Cir.1990). This court held, in *Kraus*, that a claimant may meet his burden of rebutting the defendant's proffered reason by showing that the employer's articulated explanation is unworthy of credence. *Id.* at 231. We held that summary judgment was not proper because the claimant had at least created a factual issue on this question. *Id.*

However, *Kraus* is distinguishable because the plaintiff in *Kraus* presented evidence which supported his position that the defendant's proffered reason was unworthy of credence. *Id.* In this case, Wooden has produced no such evidence. Although some of the evidence in Wooden's file is dated, he has offered no evidence that would permit a jury to conclude that age was a determining factor in any of the Board's hiring decisions.

In contrast, the Board has submitted evidence relating to all of the hiring decisions about which Wooden complains: 1) Forty-one percent of the jobs were filled with persons older than forty; 2) Wooden had some unfavorable evaluations in his file; 3) Wooden's interviews with principals were unimpressive; and 4) for each job opening there was a pool of over 2000 applicants. Based upon this evidence, the Board was free to exercise its business judgment and hire those that it felt had better qualifications.

As the district court correctly noted, "[a] *prima facie* showing is not a complete shield against summary judgment." Because Wooden has no proof beyond the bare bones *prima facie* case of age discrimination, we find that his unsupported assertions are not sufficient to withstand a motion for summary judgment. *See McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir.1990). Therefore, the district court properly granted the Board's motion.

■ Wooden also argues that the Board's salary policy which calculates the credit given for prior teaching experience violates the ADEA because it has a disparate impact on those over forty. Disparate impact results from facially neutral employment practices which fall more harshly on one particular group and cannot be justified by business necessity. *Lowe v. Commack Union Free School Dist.*, 886 F.2d 1364, 1370 (2d Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 1470, 108 L.Ed.2d 608 (1990). In such cases, "the plaintiff's burden in establishing a prima facie case goes beyond the need to show that there are statistical disparities in the employer's work force." *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 109 S.Ct. 2115, 2124–25, 104 L.Ed.2d 733 (1989). The plaintiff must identify a specific employment practice and offer sufficient statistical evidence which illustrates that the practice in question caused the exclusion of job applicants in the protected class. *Id.*

■ The Board's policy limits new teachers to a maximum credit of fourteen years for prior teaching experience and influences where a new teacher will be placed on the Board's salary schedule. Newly employed teachers are credited for up to ten years teaching experience, plus a maximum of four years for experience which is more than ten years old.

Common sense suggests that this policy treats teachers whose teaching experience is greater than ten years old differently from those whose experience is more recent. Wooden has not introduced statistical evidence, however, that this policy has had an adverse impact on individuals. The Board's proffered reason or rationale for

this policy is to give more recent experience greater value. Wooden asserts, on the other hand, that each year of experience, whether the first year or the twenty-first year, should be treated alike and that he has a substantive right to be free of a rule treating later years of experience differently. In order to prove his claim in this respect, evidence is necessary, but he has adduced no evidence supporting his claim that all years of experience should be treated alike. Without evidence that the Board's reason is unsound, unreasonable, or invalid, we are not in a position to second-guess the Board's reasoning.

Because Wooden has produced no evidence, statistical or otherwise, that the Board's policy violates the ADEA, there is no genuine issue of material fact. Therefore, the district court properly granted the Board's motion for summary judgment.

### III.

For all of the foregoing reasons, we AFFIRM the decision of the district court.