993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James T. ADAMS, Plaintiff-Appellant,
v.
STATE OF MICHIGAN; Michigan Department of Corrections,
Defendants-Appellees.
 No. 92-2477.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1993.
 
 1
 Before: KENNEDY and SILER, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 James T. Adams, pro se, appeals from a district court order granting the defendants' motion for summary judgment in this case brought under the Age Discrimination in Employment Act (ADEA) and under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Adams sued the Michigan Department of Corrections, the Michigan Department of Civil Service, and the Michigan Department of Civil Rights, listing five "counts" under which these entities allegedly deprived him of his federal constitutional and statutory rights and certain other rights under Michigan state law. These counts are described as follows:
 
 
 4
 Count I--The Department of Corrections allegedly denied Adams his rights under the Michigan Elliott-Larsen Civil Rights Act of 1976, by discriminating against him with respect to employment on the basis of his age;
 
 
 5
 Count II--The Department of Corrections allegedly discriminated against Adams in violation of the ADEA when Adams received over 100 job inquiries from the Department of Corrections, attended in excess of 36 conferences, went to over 44 job interviews and yet received no job offers. Adams contends that the lack of job offers was due to his age and that, in particular, he was denied the position of Deputy Prison Warden at the Huron Valley Women's Facility because of his age;
 
 
 6
 Count III--Adams was allegedly denied equal protection and due process under 42 U.S.C. § 1983 when the Department of Corrections, Department of Civil Service, and Department of Civil Rights denied him job opportunities on an equal basis with other qualified applicants for employment within the state;
 
 
 7
 Count IV--The defendants caused intentional infliction of emotional distress as a proximate result of their conduct in regard to their failure to hire Adams in any position; and
 
 
 8
 Count V--Adams claimed that the defendants acted in a willful, wanton, and reckless manner, causing him to suffer humiliation, mental anguish, and great emotional distress.
 
 
 9
 The plaintiff requested damages in the amount of $1,000,000 plus punitive damages, costs and attorney's fees.
 
 
 10
 The matter was referred to a magistrate judge, who thoroughly examined each of the "counts" in Adams's original complaint, as well as certain allegations contained in a pleading to amend that complaint, and found that, based on the evidence presented by the parties, the defendants were entitled to summary judgment. Upon de novo review of the report and of the objections filed by Adams, the district court adopted the report and recommendation, dismissing the complaint by judgment entered November 2, 1992. On appeal, Adams repeats all of the arguments contained in his objections to the magistrate judge's report and recommendation and, essentially, disagrees with the magistrate's findings relative to his claims under the ADEA and § 1983.
 
 
 11
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 12
 Adams's principal allegation in this suit is that he was denied the position of Deputy Prison Warden at the Huron Valley Women's Facility because of his age. Specifically, Adams alleges that another applicant who was twenty-five years younger than he, but who was not the best qualified candidate, was hired for that position, in violation of Adams's rights under the ADEA.
 
 
 13
 In an age discrimination suit under the ADEA, the ultimate issue is whether age was a determining factor in an employment decision which adversely affected the claimant. Wooden v. Board of Educ., 931 F.2d 376, 378 (6th Cir.1991). A prima facie case of intentional age discrimination may be established when the claimant shows: 1) the claimant is in a protected age group, between 40 and 70 years old; 2) the claimant applied and was qualified for a job for which the employer was seeking applicants; 3) despite his qualifications, the claimant was rejected for a position; and 4) after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).
 
 
 14
 The traditional approach for proceeding under an employment discrimination claim, including claims under the ADEA, was established in McDonnell Douglas and is routinely employed in this circuit. McDonald v. Union Camp Corp., 898 F.2d 1155, 1159 (6th Cir.1990). The plaintiff carries the initial burden of proving by a preponderance of the evidence a prima facie case. McDonnell Douglas, 411 U.S. at 802. If the plaintiff succeeds in proving his prima facie case, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for its action. Id.; McDonald, 898 F.2d at 1160. If the employer carries this burden, the plaintiff then must prove by a preponderance of the evidence that the reasons offered by the employer were not its true reasons, but were a pretext for discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).
 
 
 15
 The magistrate judge found, and the defendants do not deny, that Adams has made out a prima facie case of age discrimination, because he was 61 at the time he interviewed for the Deputy Warden position, he met the minimum qualifications for that position, he was not hired for that position, and a 36-year-old woman was hired, instead. However, the defendants have presented sufficient evidence to explain their reason for hiring a younger Deputy Warden over Adams and have supplied sufficient information regarding their past hiring practices to rebut Adams's allegation that they have a continuing policy of hiring younger employees over those in Adams's age group. Adams has not met his burden of proving that the defendants' proffered reasons for not hiring him are pretextual. Wooden, 931 F.2d at 379; Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 316 (6th Cir.1989).
 
 
 16
 Adams's allegations under 42 U.S.C. § 1983, that he was denied due process and equal protection under the law, cannot survive summary judgment. The defendants, as state agencies of Michigan, are not considered persons for purposes of a § 1983 action, because Adams is suing them only for monetary damages. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & 71 n. 10 (1989).
 
 
 17
 The record shows that Adams has failed to object to any of the magistrate judge's findings in regard to his pendent state law claims, as set forth in his original complaint as counts I and IV, and likewise, has not raised these issues on appeal. Thus, he has waived his right to appeal these issues, and has abandoned these issues before this court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 18
 Count V of Adams's original complaint is not an independent claim, describing the defendants' actions as willful and wanton in relation to his state law claims. Thus, this allegation need not be addressed as a separate claim. The record shows also that the district court properly denied Adams's motion to amend his complaint, because the complaint, as amended, would not have withstood a motion to dismiss. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041 (6th Cir.1991). The district court considered the futility of the amendment in deciding whether to grant leave to amend the complaint pursuant to Fed.R.Civ.P. 15(a). Foman v. Davis, 371 U.S. 178, 182 (1962). The district court did not abuse its discretion in denying Adams's motion in this case. United States v. Wood, 877 F.2d 453, 456 (6th Cir.1989).
 
 
 19
 For the first time, on appeal, Adams argues that he was "deprived" of his rights of equal opportunity in court when the defendants' attorney "intimidated" an attorney who Adams allegedly had begun to negotiate with to represent him in this case. However, this issue will not be discussed, because it was never raised in district court. Val-Land Farms, Inc. v. Third Nat'l Bank, 937 F.2d 1110, 1114 (6th Cir.1991).
 
 
 20
 Lastly, the issue of whether the ADEA claim is now barred by the statute of limitations need not be addressed, as this case has been resolved on the merits in district court, and may be resolved on the merits, on appeal. Because Adams's argument surrounding a "continuing violation" of age discrimination relates only to whether his ADEA claim is barred by the statute of limitations, this issue, likewise, need not be addressed.
 
 
 21
 Accordingly, the district court's order granting the defendants summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief District Judge for the Eastern District of Kentucky, sitting by designation