35 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Smitty WOODFORD, Plaintiff-Appellant,
v.
WARRENSVILLE DEVELOPMENTAL CENTER, Defendant-Appellee.
 No. 94-3084.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1994.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 Smitty Woodford, an Ohio resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to Title VII, 42 U.S.C. Sec. 2000e, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Woodford sued the Warrensville Development Center (WDC) contending that he was subjected to age and race discrimination. He also alleged that he was subjected to retaliation for a prior discrimination complaint. The WDC moved for summary judgment which Woodford opposed. Upon de novo review of a magistrate judge's report, the district court granted summary judgment for WDC and dismissed the case.
 
 
 4
 In his timely appeal, Woodford essentially argues that the district court erred in concluding that it lacked jurisdiction over counts II, III, and IV of his complaint. Furthermore, Woodford feels that the district court erred by concluding that he had not established a claim of discrimination or retaliation.
 
 
 5
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a party has moved for summary judgment and has met its burden of production, the nonmoving party must present significant probative evidence establishing a genuine issue of material fact in order to defeat the motion. Id. at 324.
 
 
 6
 Woodford contends that the district court erred in concluding that it was without jurisdiction to entertain counts II, III, and IV of his complaint. Woodford asserts that these claims flow from the factual allegations contained in his EEOC charge. The filing of a charge with the EEOC is a jurisdictional prerequisite to filing a civil complaint under Title VII and the ADEA. See Haithcock v. Frank, 958 F.2d 671, 675 (6th Cir.1992) (Title VII); Vinson v. Ford Motor Co., 806 F.2d 686, 688 (6th Cir.1986), cert. denied, 482 U.S. 906 (1987) (ADEA). A claimant cannot bring claims in a lawsuit that are beyond the scope of the EEOC charge. Taylor v. Western and S. Life Ins. Co., 966 F.2d 1188, 1194 (7th Cir.1992); Haithcock, 958 F.2d at 675. The EEOC charge specifically addresses WDC's decision not to let Woodford return to work on March 12, 1990. The counts in question concern duties or events which Woodford concedes occurred after he filed his EEOC charge. Therefore, counts II through IV of the complaint cannot be reasonably expected to be related to the incident of March 12, 1990. The district court properly dismissed these counts for want of jurisdiction.
 
 
 7
 As to WDC's decision not to permit Woodford to return to work on March 12, 1990, Woodford contends that the decision was based on his race and age. He also argues that the decision was in retaliation for a 1987 discrimination claim. However, the undisputed facts of this case establish that Woodford has simply failed to show a prima facie case of disparate treatment or age discrimination. Wooden v. Board of Educ., 931 F.2d 376, 378 (6th Cir.1991); Shah v. General Elec. Co., 816 F.2d 264, 267-68 (6th Cir.1987). Further, Woodford has not established a retaliation claim as he has failed to show a causal connection between the 1987 complaint and the March 12th decision. Canitia v. Yellow Freight Sys., Inc., 903 F.2d 1064, 1066 (6th Cir.) (per curiam), cert. denied, 498 U.S. 984 (1990).
 
 
 8
 Finally, Woodford's evidentiary argument is without merit as the "evidence" in question is inadmissible hearsay under Fed.R.Evid. 802 and, therefore, cannot be used to prevent the granting of summary judgment for WDC. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993).
 
 
 9
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Joe Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation