77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frances MOSES, Plaintiff-Appellant,
v.
STATE OF OHIO, BUREAU OF EMPLOYMENT SERVICES, et al.,
Defendants-Appellees.
 No. 95-3332.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1996.
 
 Before: MERRITT, Chief Judge; CONTIE and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Frances Moses, an Ohio resident represented by counsel, appeals a district court order dismissing her civil rights complaint filed pursuant to 29 U.S.C. § 621 and 42 U.S.C. §§ 1981, 1983, 1985, and 2000e. Moses also raised a supplemental state tort claim. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Moses sued multiple Ohio agencies and officials contending that she was denied a promotion as a result of her race and age. The district court granted summary judgment for the defendants.
 
 
 3
 In her timely appeal, Moses argues that there were genuine issues of material fact which prevent the granting of summary judgment for the defendants and that defendants' proffered reasons for their decision were merely pretextual.
 
 
 4
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Upon review, we conclude that the district court properly granted defendants' motion for summary judgment. Moses has the ultimate burden of persuading the court that she was a victim of intentional discrimination. Shah v. General Elec. Co., 816 F.2d 264, 267 (6th Cir.1987). In the absence of direct evidence, proof of discriminatory motive can be inferred from the mere fact of differences in treatment. Id. The plaintiff in a Title VII action bears the initial burden of establishing a prima facie case by showing that: 1) she is a member of a protected class; 2) she was subject to an adverse employment action or was discharged; 3) she was qualified for the position; and 4) she was replaced by a person outside of the protected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Under a disparate treatment theory, the fourth element of the prima facie case is satisfied by showing that a similarly-situated non-minority employee received better treatment for the same or similar conduct. Mitchell v. Toledo Hosp., 964 F.2d 577, 582-83 (6th Cir.1992).
 
 
 6
 Establishment of a prima facie case in effect creates a presumption of unlawful discrimination. St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2747 (1993). The employer may rebut this presumption by articulating some legitimate, non-discriminatory reason for the employee's discharge. The burden then shifts back to the employee to demonstrate that the employer's stated reason for discharge was a mere pretext for intentional racial discrimination. Id. at 2747-48; Galbraith v. Northern Telecom, Inc., 944 F.2d 275, 282-83 (6th Cir.1991), cert. denied, 503 U.S. 945 (1992). The court's central inquiry in evaluating whether a plaintiff has met her initial burden is whether the circumstantial evidence presented is sufficient to create an inference of discrimination. Shah, 816 F.2d at 268.
 
 
 7
 The essence of a disparate treatment case is that the employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin. Id. Individual disparate treatment cases generally require indirect evidence from which an inference of discriminatory motive may be drawn, namely, comparative evidence demonstrating that the treatment of the plaintiff differs from that accorded to otherwise similarly situated individuals who are not within the plaintiff's protected group. Id.
 
 
 8
 Further, to establish a claim of age discrimination, Moses must establish that she is in a protected age group (between forty and seventy years old), and that she was treated differently from those employees outside the protected age group. Wooden v. Board of Educ., 931 F.2d 376, 378 (6th Cir.1991). The ultimate issue is whether age was a determining factor in an employment decision which adversely affected the plaintiff. Id.
 
 
 9
 Our review of the record shows that although Moses established a prima facie case of race and age discrimination, the defendants offered legitimate, non-discriminatory reasons for their actions. Moses simply did not qualify for the position and Moses has proffered no evidence to show that the reasons given by the defendants were pretextual.
 
 
 10
 Finally, we note that Moses has not raised her § 1981, § 1983, § 1985, and supplemental claim on appeal. Therefore, these claims are considered abandoned and not reviewable. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 11
 Accordingly, we affirm the district court's order.