79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene ELLIS, Sr., Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, Defendant-Appellee.
 No. 95-1519.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1996.
 
 Before: NELSON and SILER, Circuit Judges.
 
 ORDER
 
 1
 Eugene Ellis, Sr., a pro se Ohio resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Ellis sought employment with the Ford Motor Company. At the time of his request, Ellis was fifty-one years old and was suffering from the residual effects of carpal tunnel syndrome. Ford refused to hire Ellis because Ellis had declined to accept a position with Ford in 1988. Ellis then filed his civil rights action contending that he was denied employment due to his disability and age. Ford moved for summary judgment which Ellis opposed. The district court subsequently granted summary judgment for Ford.
 
 
 3
 In his timely appeal, Ellis argued that genuine issues of material fact existed which prevented the granting of summary judgment to Ford.
 
 
 4
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 To obtain relief under the ADA, an aggrieved employee must establish that he has a disability as defined in 42 U.S.C. § 12102(2); that he is qualified to perform the essential functions of the job, with or without reasonable accommodations; and that he has suffered an adverse employment action because of his disability. Benson v. Northwest Airlines, Inc., 62 F.3d 1108, 1112 (8th Cir.1995). Once the plaintiff makes a showing that reasonable accommodation is possible, the burden of production shifts to the employer to show that he is unable to accommodate the employee. If the employer shows that the employee cannot perform the essential functions of the job even with reasonable accommodation, the employee must rebut that showing with evidence of his individual capabilities. Id. At that point, the employee's burden merges with his ultimate burden of persuading the trier of fact that he has suffered unlawful discrimination. Id.
 
 
 6
 The uncontested facts establish that Ford offered Ellis numerous positions which Ellis could perform despite his medical conditions. Even a year after Ellis had been terminated by Ford, the company offered Ellis a position which Ellis refused. It was not until four years after Ford's last job offer, and five years after Ellis was terminated, that Ellis suddenly appeared at Ford demanding a job. Given Ellis's refusal to accept a position in the past, Ford had no obligation to suddenly grant Ellis's wish to provide him a job. Ellis was not subjected to discrimination based on his medical condition.
 
 
 7
 Ellis also claims that he was subjected to age discrimination. To establish a claim under the ADEA, a plaintiff must establish that he is in a protected age group (between 40 and 70 years old) and that he was treated differently from those employees outside the protected age group. Wooden v. Board of Educ., 931 F.2d 376, 378 (6th Cir.1991). In an ADEA suit, the ultimate issue is whether age was a determining factor in an employment decision which adversely affected the plaintiff. Id. As we previously noted, Ford provided a legitimate, nondiscriminatory reason for not rehiring Ellis. Ellis has simply failed to satisfy his ultimate burden of persuasion.
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.