86 F.3d 1156
 Pens. Plan Guide P 23924E
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard McCOY, Plaintiff-Appellant,
v.
METROPOLITAN LIFE INSURANCE CO., (a foreign corporation)
Defendant-Appellee.
 No. 94-2091.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1996.
 
 Before: KEITH, SILER, and COLE, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 Leonard McCoy appeals the order of the district court granting summary judgment to Metropolitan Life Insurance Company. We affirm.
 
 I.
 
 2
 As an employee of General Motors Corporation ("GM"), Leonard McCoy ("McCoy") participated in the GM Group Life and Disability Insurance Program (the "Plan"), a benefit plan that provides life, disability and other benefits to GM hourly employees such as McCoy. The Plan was established pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., and is part of the Collective Bargaining Agreement between GM and the International Union of United Automobile, Aerospace and Agricultural Workers of America. Metropolitan Life Insurance Co. ("Met Life") administers the Plan and acts as claims fiduciary. McCoy became disabled in June 1988 as a result of pain and numbness to the left arm, wrist and hand. He also was certified as disabled for a strain to the right hand. McCoy submitted a claim to Met Life under the Sickness and Accident Benefits provisions of the Plan and, in connection therewith, was diagnosed by Dr. Ned Winkelman with the condition of carpal tunnel syndrome of the left hand. McCoy thereupon began receiving benefits under the policy for carpal tunnel syndrome and the strained right hand.
 
 
 3
 After approximately one year, the Sickness and Accident Benefits expired and McCoy began receiving payments under the Extended Disability Benefits provisions of the Plan. The Extended Disability Benefits are provided to eligible Plan participants who have received the maximum coverage under the Sickness and Accident Benefits provision, and who are totally disabled.
 
 
 4
 The Plan contains various requirements for its participants to be eligible for extended disability benefits. Article II, Section 7(e) of the Plan requires participants to submit to an examination, conducted by a physician designated by the Plan as an independent medical examiner, for the purpose of determining initial or continuing disability. After examining McCoy, Dr. Beale (an independent medical examiner) concluded there was no evidence of continued disability. On September 13, 1990, MetLife terminated McCoy's extended disability benefits based upon Dr. Beale's findings.
 
 II.
 
 5
 We review the district court's grant of summary judgment de novo. Russo v. City of Cincinnati, 953 F.2d 1036, 1041-42 (6th Cir.1992). Summary judgment is proper only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Kraus v. Sobel Corrugated Containers, Inc., 915 F.2d 227, 229 (6th Cir.1990).
 
 
 6
 When a benefit plan gives a fiduciary the discretionary authority to determine eligiblity for benefits the appropriate standard of review, for a decision made under that discretionary authority, is the highly deferential arbitrary and capricious standard. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 109-115 (1989). Article II, Section 7 of the GM plan contains language indicative of the Plan's delegation of discretionary authority to MetLife. This section permits MetLife to decide, based upon medical evidence, whether the participant is disabled. Hence, we apply the arbitrary and capricious standard of review when called upon to review MetLife's termination of McCoy's disability benefits. See, e.g., Miller v. Metropolitan Life Insurance Co., 925 F.2d 979 (6th Cir.1991).
 
 
 7
 If a fiduciary's decision concerning benefits eligibility is rational in light of the Plan's provisions, then its decision is not arbitrary and capricious. Miller, 925 F.2d at 984. MetLife's termination of McCoy's disability benefits proves rational for two reasons. First, the Plan conditions the continuation of disability benefits upon proof that the participant remains totally disabled. The Plan allows MetLife to determine whether the disability continues via the independent medical examination. The report submitted by Dr. Beale stated that McCoy no longer suffered from total disability. Therefore, after a review of Dr. Beale's findings, MetLife's decision to terminate McCoy's disability benefits was reasonable.
 
 
 8
 Second, MetLife provided McCoy the opportunity to present medical evidence of continued total disability. McCoy submitted Dr. Winkelman's findings on his disability but those findings were simply not persuasive, and Dr. Beale refused to modify his conclusions. Since McCoy failed to provide sufficient evidence of total disability, the decision to terminate his disability benefits was rational in light of the Dr. Beale's determination that he no longer suffered under total disability. MetLife's decision to terminate McCoy's benefits, therefore, was not arbitrary and capricious.
 
 
 9
 In the district court, McCoy failed to raise the issue of whether the Plan provided for a full and fair review of denied claims in violation of § 503 of ERISA. This court avoids addressing issues not first raised in the district court. Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1398-99 (6th Cir.1995). We need not reach the merits of this claim because McCoy failed to raise the issue in the court below, and thus is precluded from raising it before this court. The decision of the district court is AFFIRMED.