99 F.3d 1140
 7 A.D. Cases 256
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bruce A. THOMPSON, Plaintiff-Appellant,
v.
PLANTE & MORAN, Edward M. Parks, and William L. Matthews,
Defendants-Appellees.
 No. 95-2019.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1996.
 
 Before: KENNEDY, JONES and DAUGHTREY, Circuit Judges;
 PER CURIAM.
 
 
 1
 Plaintiff Bruce Thompson, a certified public accountant, brought suit against Plante & Moran (P & M), his former employer, for violations of the Americans with Disabilities Act (ADA) and the Michigan Handicappers Civil Rights Act (MHCRA), as well as for breach of statutory duties under Michigan's Uniform Partnership Act (UPA). He also brought claims against Edward Parks and William Matthews, both managing partners at P & M, for breach of their fiduciary duties. The basis for Thompson's claims is P & M's refusal to rehire him after having entered into a disability and retirement agreement with him. The District Court granted defendants' motion for summary judgment as to all of Thompson's claims. We AFFIRM.
 
 I.
 
 2
 Thompson became a partner in P & M when P & M merged in February, 1986 with Bristol, Leisering, Herkner & Co., an accounting firm with whom Thompson had been a partner. After the merger, Thompson became an Audit Partner and the Partner-in-Charge of P & M's Kalamazoo, Michigan office.[1]
 
 
 3
 In November 1986, Thompson started receiving professional treatment for alcoholism. In October 1987, Thompson suffered a heart attack and required cardiac surgery, which made him unable to work until the end of 1987. In the spring of 1988, Thompson sought to reduce his stress by relinquishing his duties as Partner-in-Charge of the Kalamazoo office. P & M granted Thompson's request.
 
 
 4
 The reduction in Thompson's duties did not sufficiently alleviate Thompson's stress. As a result, on February 26, 1990, Thompson and P & M signed a Letter of Understanding, according to which Thompson would continue as an audit partner until June 30, 1993, at which time he would take an early retirement. However, the stress of the job continued to disturb Thompson, and in the fall of 1990, Thompson asked to be considered disabled. In November 1990, Thompson reached a tentative agreement with P & M on a new early retirement arrangement. Under the terms of this agreement, Thompson would be considered totally disabled by the firm effective January 1, 1991 and would receive disability benefits for three and one half years. The partners of P & M approved Thompson's early retirement in the Sixteenth Amendment to P & M's Partnership Agreement, dated December 1, 1990.
 
 
 5
 This retirement agreement was formally executed on November 19, 1991 as the Disability/Retirement Agreement (DRA); its terms were effective January 1, 1991. The DRA provides that Thompson is to be considered "totally disabled"; that P & M will pay Thompson disability compensation for three and one half years beginning January 1, 1991; and that Thompson "shall retire and be deemed retired" on June 30, 1994.
 
 
 6
 Thompson moved to Oregon in April 1991, and six months later he accepted a job at an Oregon accounting firm. By the summer of 1992, however, he desired to return to Michigan and asked to return to work for P & M, albeit at a reduced work load. P & M declined to reemploy him. In April 1993, Thompson made another request to return to P & M, but P & M again declined.
 
 
 7
 Thompson subsequently filed an action in district court. Thompson claimed that P & M had refused to reemploy him because of his disability, in violation of the ADA and the MHCRA. Thompson also claimed that P & M's failure to submit Thompson's request to return to work to a vote of the partners violated the UPA. Thompson further alleged that Parks and Matthews breached their fiduciary duties to Thompson by "orchestrating" P & M's refusal to reemploy Thompson and by failing to submit Thompson's request to a vote of the partners.
 
 
 8
 The District Court granted defendants' motion for summary judgment on all claims, concluding that the terms of the DRA barred Thompson's claims of discrimination under the ADA and the MHCRA. Given that Thompson had no right to return to work, the District Court concluded that neither P & M nor Matthews and Park were required to seek a vote of the partnership before rejecting Thompson's request.
 
 II.
 
 9
 We review a grant of summary judgment de novo. Kraus v. Sobel Corrugated Containers, Inc., 915 F.2d 227, 229 (6th Cir.1990). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). We view the facts and any reasonable inferences drawn from those facts in a light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).
 
 III.
 A. The ADA and MHCRA
 
 10
 Both parties concede that the DRA is an enforceable contract. The DRA provides that, because Thompson "has become incapacitated and is unable to perform his regular duties," Thompson shall be deemed "totally disabled" as that term is used in P & M's Partnership Agreement. The Partnership Agreement defines a totally disabled partner as one who is unable to perform his or her regular duties; a partner can be designated totally disabled upon the vote of two-thirds of the active partners. The DRA requires P & M to pay Thompson disability compensation for a period of three and one half years, beginning January 1, 1991. The DRA states that Thompson "shall retire and be deemed retired" on June 30, 1994.
 
 
 11
 Thompson claims that the terms of the DRA were contingent upon his remaining totally disabled; he claims that, because he is now only partially disabled, the DRA no longer governs his relationship with P & M. We do not agree. The DRA merely constitutes an agreement between the parties that Thompson shall be considered totally disabled for three and one half years, not that he in fact was totally disabled. Thompson's actual disability status is irrelevant. The DRA requires that Thompson retire in three and one half years, regardless of his disability status, and that P & M pay Thompson disability compensation during those three and one half years, again without regard to his disability status. We find, therefore, that the applicability of the DRA is not contingent upon Thompson's continued total disability.
 
 
 12
 The question we must consider, then, is the effect that the DRA has on Thompson's ADA and MHCRA claims. The District Court held that Thompson's "voluntary and fully informed entry into the DRA constituted a knowing waiver of any allegedly implicated statutory rights under the ADA or MHCRA." Although we affirm the granting of summary judgment, we find the District Court's reasoning erroneous. We agree that the DRA waived Thompson's rights under the Partnership Agreement regarding his disabled status,[2] but, as explained below, we find that the DRA did not constitute a waiver of Thompson's statutory rights under the ADA (which had not yet been enacted) or the MHCRA.
 
 
 13
 We have held that "an employee may not prospectively waive his or her rights under either Title VII or the ADEA." Adams v. Philip Morris, Inc., 67 F.3d 580, 584 (6th Cir.1995); see also Alexander v. Gardner-Denver Co., 415 U.S. 36, 51-52 (1974). An employee may, of course, waive rights under Title VII or the ADEA that have already accrued, but an employee cannot waive claims arising from conduct that has not yet occurred. We see no reason to distinguish between the Title VII and the ADEA on one hand and the ADA and MHCRA on the other as to this issue. Therefore, we conclude that the DRA does not insulate defendants from liability under the ADA and MHCRA for failure to rehire Thompson.
 
 
 14
 This does not end our analysis, however. We must decide whether Thompson has produced sufficient evidence to support his claim that P & M refused to reemploy him because of his disability. The issue is whether P & M's articulated reason for not rehiring Thompson--that the DRA barred Thompson's asserted right to be rehired--violates the ADA or the MHCRA. We hold that it does not. Thompson has come forward with no evidence to suggest that P & M declined to rehire him because of his disability. Even Thompson's affidavit in opposition to defendants' motion for summary judgment fails to present any evidence of discrimination by P & M. Although the DRA does not prospectively waive Thompson's rights under the ADA or MHCRA, it does not relieve him of the burden to come forward with evidence of discrimination. Summary judgment as to this claim was appropriate.
 
 B. Breach of Fiduciary and Statutory Duties
 
 15
 Thompson also claims that Parks and Matthews, managing partners of P & M, breached their fiduciary duties to Thompson when they failed to seek a vote of the partners before rejecting his request to return to work. Thompson remained a partner, albeit a disabled partner, under the DRA. He was, therefore, owed a fiduciary duty by the other P & M partners. Thompson asserts that the UPA required Parks and Matthews to submit Thompson's application to a vote of the partners. The UPA provides as follows:
 
 
 16
 The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules:
 
 
 17
 ... (h) any difference arising as to ordinary matters connected with the partnership business may be decided by a majority of the partners;
 
 
 18
 MICH.COMP.LAWS ANN. § 449.18.
 
 
 19
 We decline Thompson's invitation to read this provision as imposing a mandatory requirement that disputes among partners be resolved by vote. The use of the word "may" clearly renders this section permissive. "[C]ourts should give the ordinary and accepted meaning to the mandatory word 'shall' and the permissive word 'may' unless to do so would clearly frustrate legislative intent as evidenced by other statutory language or by reading the statute as a whole." Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 265 (6th Cir.1990) (quoting Browder v. International Fidelity Ins. Co., 413 Mich. 603, 612, 321 N.W.2d 668, 673 (1982)). We find nothing in the UPA to suggest that a permissive construction of section 449.18(h) would frustrate legislative intent. Accordingly, we decline to construe the section as mandatory. We hold, therefore, that the District Court did not err in granting summary judgment as to Thompson's claim that Parks and Matthews breached their fiduciary duties.
 
 
 20
 For the same reasons, we affirm the District Court's granting of summary judgment as to Thompson's claim that P & M breached its statutory duty to him by failing to submit his request to be reinstated to a vote of the partners. As indicated above, we find that the UPA does not require that such a vote be taken.
 
 IV.
 
 21
 For the foregoing reasons, the order of the District Court is AFFIRMED.
 
 
 
 [1]
 For the purposes of this appeal of summary judgment, the parties have not raised and we do not consider whether the ADA and the MHCRA apply to Thompson. It is unclear whether Thompson's status as a partner in P & M precludes recovery under the ADA and MHCRA. Such a determination would require the resolution of certain factual issues regarding Thompson's work for P & M
 
 
 [2]
 The DRA provides that Thompson "disclaims and relinquishes any right or entitlement to any amounts payable under the Partnership Agreement as a result of his disabled status, retirement or death."