106 F.3d 400
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Irvin N. BANKS, Plaintiff-Appellant,
v.
The CITY OF EAST CLEVELAND, Adolph Cook, Sr., Housing
Inspector, Bobby Jenkins, Captain, Fire
Department, Defendants-Appellees.
 No. 95-4264.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1997.
 
 Before: KENNEDY and BATCHELDER, Circuit Judges; and EDGAR*, District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Irvin Banks brought suit under 42 U.S.C. § 1983 against the City of East Cleveland ("the City" or "East Cleveland"), the City's Housing Inspector, Adolph Cook, Sr., and the Captain of the City's Fire Department, Bobby Jenkins, claiming that he was denied due process of law in the application of building and fire codes to certain real property he owned. Plaintiff appeals the District Court's summary judgment for defendants. We AFFIRM.
 
 I. Facts
 
 2
 Plaintiff is the owner of an apartment building located at 14504 Euclid-1809 Roxford in East Cleveland. From April, 1984 through October, 1993, the building was inspected by various City inspectors, including defendants Cook and Jenkins. On December 1, 1993, plaintiff received a Notice of Violations based on an inspection of the building on October 4, 1993. On December 6, 1993, the East Cleveland Municipal Court ordered plaintiff to submit building plans to the Building Department for approval of needed repairs no later than December 15, 1993, and to remedy all fire code violations by May 4, 1994.
 
 
 3
 Plaintiff failed to comply with the court orders. On May 5, 1994, the Municipal Court ordered the tenants to vacate the building by June 10, 1994 because of safety concerns. On June 6, 1994, the court visited the premises as requested by plaintiff. The court again ordered the building condemned and gave the tenants three weeks to move out.
 
 
 4
 On August 30, 1994, plaintiff filed this lawsuit in United States District Court for the Northern District of Ohio, seeking a temporary restraining order, a preliminary and permanent injunction, and damages under 42 U.S.C. § 1983. On September 14, 1994, the District Court denied plaintiff's motion for a temporary restraining order and preliminary injunction. On October 17, 1995, the District Court granted defendants' motion for summary judgment.
 
 II. Discussion
 
 5
 We review a grant of summary judgment de novo. See Kraus v. Sobel Corrugated Containers, Inc., 915 F.2d 227, 229 (6th Cir.1990). Summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). We view the facts and any reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).
 
 
 6
 Plaintiff claims that the order to condemn his building violated his procedural due process rights under the Fourteenth Amendment. Plaintiff argues that his due process rights were violated by the City's requirement that he submit an entire building plan for approval before making any repairs to his building. Plaintiff alleges that such a requirement is contrary to a city ordinance that does not require submission of a plan before making repairs.
 
 
 7
 The government's failure to follow its own ordinances or regulations may constitute a deprivation of property without due process. See Derrickson v. Board of Educ., 703 F.2d 309, 315 (8th Cir.1983). However, we find that the City's requirement that plaintiff submit an entire building plan did not violate any applicable ordinance. EAST CLEVELAND CODIFIED ORDINANCE § 1301.10 requires that a property owner submit a plan for approval before making certain changes to his real property. Plaintiff asserts that section 1301.04(a) exempts "repairs for maintenance" from this requirement. However, the ordinance clearly provides that "repairs for maintenance" do not require a plan for approval only if they do not affect "the construction, sanitation, safety or other vital feature of such building or structure." EAST CLEVELAND CODIFIED ORDINANCE § 1301.04(a). The City was entitled to demand an entire building plan if it concluded that the changes required would affect the safety of the building. Plaintiff has produced no evidence that the repairs needed were only minor.
 
 
 8
 Plaintiff next claims that he was denied procedural due process because he was denied an adequate administrative appeal. In order to make out a valid procedural due process claim, plaintiff must show three things: (1) that he has a life, liberty, or property interest protected by the Due Process Clause; (2) that that interest was "deprived" within the meaning of the Due Process Clause; and (3) that adequate procedures were not afforded prior to the deprivation of the protected interest. See Franklin v. Aycock, 795 F.2d 1253, 1261-62 (6th Cir.1986).
 
 
 9
 The condemnation of plaintiff's building constituted a deprivation of a property interest within the meaning of the Due Process Clause. Plaintiff's claim fails, however, because we are satisfied that he was afforded constitutionally sufficient process before his building was condemned. On December 1, 1993, plaintiff received written notice of building and fire code violations. The notice expressly informed plaintiff of the right to appeal to the East Cleveland Board of Building Code Appeals, a right codified in EAST CLEVELAND CODIFIED ORDINANCE §§ 1311.03(a), 1373.12(a). Disputes arising under the Ohio Basic Building Code are appealable to the Ohio Board of Building Appeals. OHIO REV.CODE § 3781.19. Moreover, plaintiff was heard in Municipal Court and was given an opportunity to submit a plan for repairs. Plaintiff received adequate process.
 
 III. Conclusion
 
 10
 For the foregoing reasons, we AFFIRM the order of summary judgment for defendants.
 
 
 
 *
 Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation